UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER MOSKOVITS,<br><br>                     Plaintiff,<br><br>-against-<br><br>BANK OF AMERICA NA, *et al.*,<br><br>                     Defendants. | 20-CV-10537 (CM)<br><br>ORDER DENYING MOTION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this *pro se* complaint on December 14, 2020. By order dated December 14, 2020, the Court issued an order directing Plaintiff to either pay the filing fees or submit an IFP application within 30 days.[1] Plaintiff has now filed an "affidavit of bias or prejudice" seeking this Court's recusal because the Court "*sua sponte* circumvented random judicial selection to assign this matter to her docket," which "exacerbated the appearance of impropriety and presumed bias" in connection with this matter. (ECF 3.)

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

---

[1] To proceed with a civil action in this Court, a plaintiff must either pay the filing fees or request authorization to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. The filing fees required to file a federal civil action increased to $402.00 – a $350.00 filing fee plus a $52.00 administrative fee.

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

This matter was assigned to my docket in my capacity as Chief Judge, and I issued the December 14, 2020 order because Plaintiff's case cannot proceed until he either pays the fee or seeks leave to proceed IFP. There are no facts that would cause any objective observer to infer bias and no basis for me to recuse myself from this action. The Court therefore denies Plaintiff's motion seeking my recusal.

The Court grants Plaintiff an extension of time to comply with the December 14, 2020 order. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an IFP application. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

## CONCLUSION

Plaintiff's motion for the Court's recusal (ECF No. 3) is denied. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 7, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge