UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

                Plaintiff,

      -against-

BANK OF AMERICA N.A.; SCHOEMAN
UPDIKE KAUFMAN & BERGER, LLP;
BETH KAUFMAN; SILVIA LARIZZA;
CALVIN GRIGSBY; ROGER BERNSTEIN;
BARRY OSTRAGER; DOES 1 – 10;

                Defendants.

20-CV-10537 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff Alexander Moskovits, a resident of Brazil, filed this *pro se* action, for which the filing fee has been paid, asserting claims under 28 U.S.C. §§ 1331, 1332, 1350, and 42 U.S.C. §§ 1983, 1988, and Article 10 of the United Nations' Universal Declaration of Human Rights. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court has the authority to dismiss *sua sponte* a complaint for which the filing fee has been paid where the pleading presents no arguably meritorious issue, *see Fitzgerald v. First East Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or for lack of subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir. 1991) (*per curiam*); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action relates to a complaint that Plaintiff filed in 2019, in New York State Supreme Court, New York County, alleging claims of unjust enrichment and breach of contract, and seeking millions of dollars in compensatory and punitive damages. *See Moskovitz v. Grigsby*, Ind. No. 650617/2019. The named defendants in that case are Calvin Grigsby; Bank of America N.A. (BoA); Raimundo Colombo; Jorge Siega; the Federal Republic of Brazil; the State of Santa Catarina, Brazil; the State of Maranhao, Brazil; and the State of Mato Grosso, Brazil. Defendants removed the matter to this District, but Judge Broderick remanded it after determining that diversity jurisdiction was lacking. *See Moskovits v. Grigsby*, ECF 1:19-CV-03391 (VSB) (S.D.N.Y. June 9, 2020) (granting Plaintiff's motion to remand).

In his complaint to this Court, Plaintiff quotes Judge Broderick's summary of the allegations in Plaintiff's state court complaint:

> Moskovits [Plaintiff] provided Grigsby with a loan structure which would allow Grigsby and BOA to secure credit for sub-sovereign state transactions guaranteed by the Brazilian Government, and provided Grigsby with potential clients for such transactions. … For Moskovits's work, Grigsby promised compensation, valued at 35% of 1% of the transaction value for a transaction value over $500 million, or 35% of 2% for a transaction value under $500 million. . . . Moskovits further alleges that three deals totaling $1.9 billion were consummated by Grigsby and BOA, using his financial structure. To date, Moskovits has not received any compensation in relation to these deals.

(ECF 1 ¶ 4.)

On November 12, 2020, the state court dismissed Plaintiff's claims against Grigsby and BoA on the merits, and dismissed the claims against Colombo and Siega without prejudice "to an action in Brazil or another forum, if appropriate." *Id.*, 132 N.Y.S.2d 741.

Plaintiff filed this "complaint for damages" against individuals and entities involved in the state court matter, including Grigsby and his attorney, Roger Bernstein; Justice Barry Ostrager; the law firm and attorneys representing BoA, Schoeman Updike Kaufman & Berger, LLP, Beth Kaufman, and Silvia Larizza; and Doe defendants "including but not limited to the individuals who here constituted the 'Court Administration' as entitled by" Justice Ostrager. (ECF 1 at 1.) The complaint contains the following allegations.

Justice Ostrager committed "fraud on the court" by sealing the "entire commercial case," in violation of the First Amendment and Judge Broderick's remand order. Justice Ostrager failed to disclose his prior affiliation with Simpson Thatcher & Bartlett LLP, which "regularly advised" BoA, and is "headed" in "Brazil by a relative of the former Brazilian Senate President (2013) who signed a document" that Justice Ostrager "ignored . . . to lawlessly dismiss the sealed case in its entirety." Justice Ostrager sealed the case the day after Plaintiff asked him to "disclose all of the extrajudicial relationships between him and/or his related entities, case counsel and the parties and/or related entities." Justice Ostrager's allegedly improper sealing deprived him of jurisdiction under municipal regulations and state case law. (*Id.* ¶¶ 13-17.) The other named Defendants in the case, Grigsby, BoA, and its attorneys, "aided and abetted" Justice Ostrager's fraud by acting "with reckless disregard for the truth," and making false statements and submitting fraudulent documents, all of which resulted in a "gross deprivation" of Plaintiff's rights. (*Id.*)

Plaintiff appealed in the state courts; the complaint does not indicate whether or not that matter remains pending. On October 7, 2020, First Department Judge Dianne Renwick referred Plaintiff's motion for a stay to a full panel, setting October 16, 2020, as the filing due date for any opposition, October 23, 2020, as the filing due date for any reply. Plaintiff alleges that on

October 8, 2020, Justice Ostrager issued a "*post hoc*" order falsely claiming that he sealed the case because of filings from Plaintiff that he characterized as "threatening," "scurrilous," "inflammatory," and containing "personal information relating to this Court that has no relevance to these proceedings." Plaintiff denies these assertions, describing such filings as "non-existent." (*Id.* ¶ 18-19.)

On October 16, 2020, Defendants Kaufman, Larizza, Schoeman, and Bernstein relied on previously submitted documents in their oppositions and "failed to prevent a continuation of the Star Chamber. Defendants have aided and abetted rather than prevent the sealing in violation of the U.S. Constitution and the Law of Nations." Attached to the complaint are state court documents, including orders sealing the case and dismissing the case, and defense submissions. (ECF 1-1 through 1-11.)

## DISCUSSION

### A.    *Rooker-Feldman* Doctrine

Plaintiff brings this complaint challenging aspects of the state court proceeding, including Justice Ostrager's orders dismissing the case and sealing the court file.

Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the

state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). There is no fraud exception to the *Rooker-Feldman* doctrine in this Circuit. *See Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002) (noting that Plaintiff's claim "sounds in fraud, yet we have never recognized a blanket fraud exception to *Rooker-Feldman*.") (internal quotation omitted)); *Roberts v. Perez,* No. 13-CV-5612 (JMF), 2014 WL 3883418, at *4 (S.D.N.Y. Aug. 7, 2014) ("[C]ourts in this District have consistently held that claims that a state-court judgment was fraudulently procured are subject to *Rooker-Feldman*.")

Plaintiff attached to his complaint state court orders and defense submissions, and essentially invites this Court to overturn Justice Ostrager's decisions. Because Plaintiff (1) lost in state court; (2) "complains of injuries caused by [a] state-court judgment;" (3) asks this Court to review and reject the state court's judgment; and (4) alleges that the state court judgment was rendered before he filed his case in this Court, his claims are barred under the *Rooker-Feldman* doctrine. Plaintiff has already availed himself of the New York State appellate process by appealing the state court judgment to the Appellate Division, First Department, which is the proper process for seeking judicial review of state court orders, including sealing orders.[1]

---

[1] *See, e.g.*, *In re East 51st Street Crane Collapse Litigation*, 966 N.Y.S.2d 373, 374 (1st Dep't May 9, 2013) (rejecting defense argument that court records should remain sealed under 22 N.Y.C.R.R. 216.1(a), which provides that state courts shall not seal court records except upon a finding of good cause, because "the presumption of the benefit of public access to court proceedings takes precedence," and the sealing of court papers is permitted "only to serve compelling objectives, such as when the need for secrecy outweighs the public's right" to access.) (citing *Applehead Pictures LLC v. Perelman,* 913 N.Y.S.2d 165, 191-92 (1st Dep't 2010)).

**B.      Section 1983 Claims**

The Court will now consider Plaintiff's claims under 42 U.S.C. § 1983, to the extent any of those claims are not precluded by the *Rooker-Feldman* doctrine. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Justice Ostrager

Plaintiff focuses a large portion of his complaint on Justice Ostrager's actions or omissions in the state court matter, including the dismissal of the case and the sealing of the court record, for which Plaintiff seeks money damages.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff asserts that Justice Ostrager improperly sealed the court record, and he suggests that Justice Ostrager's failure to "disclose" his prior affiliation with Simpson Thatcher proves bias or a conflict of interest. But Plaintiff's claims are based on Justice Ostrager's decisions, which are judicial in nature, and amount to a challenge to Justice Ostrager's handling of the state-court case. Plaintiff does not allege facts showing that Justice Ostrager acted outside his judicial capacity or took action against Plaintiff without jurisdiction.

It is not clear whether Plaintiff moved for Justice Ostrager's recusal in the state court matter, but even if he did, a judge's decision to recuse or not to recuse himself is itself a judicial act protected by immunity. See *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 714 (S.D.N.Y. 2011); *Sylvester v. Sorrell*, No. 08-CV-88, 2009 WL 819383, at *3 (D. Vt. Mar. 25, 2009) (deciding that judge's refusal to recuse himself was judicial act entitled to immunity); *Haynes v. Schimelman*, No. 99- CV-2553, 2000 WL 502623, at *1 (D. Conn. Mar. 8, 2000) (concluding that judge's decision not to recuse was covered by judicial immunity).

Because Plaintiff seeks monetary damages from a defendant who is immune from such relief, and Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, his claims against Justice Ostrager are dismissed on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

For these reasons, Plaintiff claim for damages against Justice Ostrager must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

2.      "Court Administration"

Plaintiff also names Doe defendants, "including but not limited to the individuals who here constituted the 'Court Administration.'" Plaintiff does not assert specific facts against these individuals, and it is not clear to whom Plaintiff is referring.

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to New York State court clerks when they perform tasks that are an integral part of the judicial process. *See Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (County Clerk); *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (state-court clerk) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).

If Plaintiff is asserting claims against state court employees who perform such acts or "are integrally related to an ongoing judicial proceeding," they are also immune from suit.[2]

3.      Private Defendants

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

---

[2] If Plaintiff intends to sue the New York State Court Administration (OCA), a state agency, the Eleventh Amendment would bar Plaintiff's § 1983 claims for damages against OCA. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009).

288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants Calvin Grigsby, Roger Bernstein, Schoeman Updike Kaufman & Berger,

LLP, Beth Kaufman, and Silvia Larizza are private actors who do not work for any state or other

government body, Plaintiff has not stated a claim against these defendants under § 1983.

4.      Conspiracy Claim

Plaintiff asserts that the private defendants "aided and abetted" Justice Ostrager in

violating his rights. The Court construes this assertion as a claim that Defendants conspired to

deprive him of his federal constitutional rights. A plaintiff asserting a conspiracy claim under 42

U.S.C. § 1983 must show "(1) an agreement between two or more state actors or between a state

actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an

overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d

65, 72 (2d Cir. 1999).

To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts that

plausibly show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of

the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an

overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a

deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d

137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or

perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*Id*. (internal quotation marks and citation omitted). Vague and unsupported assertions of a

conspiracy claim, either under § 1983 or § 1985(3), will not suffice. *See, e.g., Wang v. Miller*,

356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d

Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

Plaintiff's conspiracy claims under § 1983 and § 1985(3) fail because they are vague and unsupported, and because he has not alleged facts suggesting that any defendant violated his constitutional rights or discriminated against him. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.   Alien Tort Statute

Under the Alien Tort Statute, "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350; *see Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619 (S.D.N.Y. 2012). (noting that under the ATS, "federal subject matter jurisdiction exists when (1) an alien, (2) claims a tort, (3) was committed in violation of a United States treaty or the 'law of nations' — the latter now synonymous with 'customary international law.'")

A plaintiff must plead a violation of a United States treaty or the law of nations to cross the jurisdictional threshold to bring a claim under the ATS. *See Filartiga v. Pena–Irala,* 630 F.2d 876, 880 (2d Cir. 1980). To state a claim under the law of nations, a complaint must "rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms" that the Supreme Court has previously recognized, such as violation of safe conducts, infringements of the rights of ambassadors, or piracy. *Sosa v. Alvarez–Machain,* 542 U.S. 692, 724-25 (2004). The ATS "applies only to shockingly egregious violations of universally recognized principles of international law." *Beanal,* 197 F.3d at 167 (citation omitted).

---

[3] Plaintiff cites to 42 U.SC. § 1988, which does not create an independent cause of action. *See North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.,* 479 U.S. 6, 14 (1986); *Vecchia v. Town of North Hempstead*, 927 F. Supp. 579, 581 (E.D.N.Y. 1996). Moreover, *pro se* plaintiffs are not entitled to attorney's fees under 42 U.S.C. § 1988(b). *See Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991).

Plaintiff asserts a claim under Article 10 of the United Nations' Universal Declaration of Human Rights (Declaration), which provides that, "[e]veryone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charge against him."

The state court matter giving rise to this complaint is a civil matter, not a criminal one, but in any event, the Declaration generally does not "impose obligations as a matter of international law" that is "enforceable in federal court." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *see also United States v. Chapman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a nonbinding declaration that provides no private right of action."); *Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at * 7 (E.D.N.Y. Sept. 21, 2012) (no private right of action under international treaties, the United Nations' Universal Declaration of Human Rights, or provisions of the United Nations' Charter).

Accordingly, the complaint fails to state a claim under either the ATS or the United Nations' Declaration of Human Rights.

## D.    Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Even assuming that Plaintiff has alleged that there is complete diversity and that the amount in controversy is met, it is not clear what tort claims remain in light of the Court's earlier discussion.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to address the issues discussed in this order.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10537 (LLS). An Amended Complaint form is attached to this order. No answer is required at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:     January 20, 2021
                New York, New York

_Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Do you want a jury trial?
  ☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                    (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                    Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.