UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

                Plaintiff,

-against-

BANK OF AMERICA NA, *et al.*,

                Defendants.

20-CV-10537 (LLS)

ORDER DENYING MOTION

LOUIS L. STANTON, United States District Judge:

      On December 14, 2020, Plaintiff Alexander Moskovits filed this *pro se* action asserting claims under 28 U.S.C. §§ 1331, 1332, 1350, and 42 U.S.C. §§ 1983, 1988, and Article 10 of the United Nations' Universal Declaration of Human Rights. The complaint relates to a state court matter, *Moskovitz v. Grigsby*, Ind. No. 650617/2019. Justice Barry Ostrager, who presided over that matter, dismissed it on November 12, 2020. Chief Judge McMahon issued an order directing Plaintiff to either pay the requisite fees or submit an application to proceed *in forma pauperis* (IFP). In response, Plaintiff moved for Chief Judge McMahon's recusal. Chief Judge McMahon denied that motion, Plaintiff paid the fees on January 7, 2021, and the matter was reassigned to my docket.

      The Clerk of Court issued summonses on January 20, 2021. That same day, the Court issued an order directing Plaintiff to amend his complaint to address deficiencies in the original pleading. That order provides that Defendants are not required to answer the complaint until further notice. On January 30, 2021, Plaintiff filed a motion for recusal under 28 U.S.C. § 455(a), and also to have this matter referred to Judge Broderick as related to a closed case, *Moskovits v. Grigsby*, ECF 1:19-CV-03391 (VSB) (S.D.N.Y. June 9, 2020) (granting Plaintiff's motion to remand matter to state court).

In this motion, Plaintiff asserts that the January 20, 2021 order to amend "was not authored by anyone working in" this Court's chambers, and that "Chief Judge McMahon cannot insulate her incorrect ruling on recusal by authoring and then forwarding an opinion to be signed by another judge." (ECF 20 ¶ 7.) According to Plaintiff, there is now "an appearance of Judges 'closing ranks' to defend an indefensible abuse of judicial power," referring to the actions of Justice Ostrager, who is a defendant in this matter. Plaintiff further states that in an order denying reconsideration in the state court matter, Justice Ostrager "referred to this federal action and alleged that Plaintiff 'harassed and threatened' Chief Judge McMahon." (*Id.* ¶ 5.)

## DISCUSSION

### A.   Motion for Recusal

A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against

him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

After Plaintiff complied with Chief Judge McMahon's order by paying the relevant fees to bring this case, this matter was reassigned to my docket. As set forth in the order to amend, Plaintiff's complaint cannot proceed because the allegations fail to state a claim on which relief may be granted, and because Plaintiff sues defendants who are immune from suit. Plaintiff's motion for recusal is based on judicial rulings, not on extrajudicial conduct, and fails to suggest bias or other prejudice. Accordingly, Plaintiff's motion for recusal is denied.

**B.     Motion for Referral**

Plaintiff seeks to have this matter referred to Judge Broderick as related to a closed case, *Moskovits v. Grigsby*, ECF 1:19-CV-03391 (VSB) (S.D.N.Y. June 9, 2020) (granting Plaintiff's motion to remand matter to state court). Plaintiff refers to Rule 50.3.1(e), which governs the related-case process in the United States District Court for the Eastern District of New York.

The Rules for the Division of Business Among District Judges in the Southern District "are adopted for the internal management of the case load of the court," and "shall not be deemed to vest any rights in litigants or their attorneys . . ." *Id.* In any event, the related-case process in this District is governed by Rule 13(a)(2)(B), which provides that a pending civil action is presumptively not related to a closed civil action. *See* Rule 13(2)(B) (providing that

"civil cases shall not be deemed related unless both cases are pending before the Court.")[1] Because the case that was before Judge Broderick is closed, it is presumptively not related to this case.

## CONCLUSION

Plaintiff's motion for recusal is denied, as is his motion to have this matter referred to Judge Broderick. The Clerk of Court is directed to terminate the motion. (ECF 20.) If Plaintiff complies with the January 20, 2021 order, the case will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply within the time allowed, or if the amended complaint fails to remedy the deficiencies in the original pleading, the action will be dismissed for the reasons set forth in the January 20, 2021 order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  February 5, 2021
        New York, New York

                                                _Louis L. Stanton_
                                                Louis L. Stanton
                                                U.S.D.J.

---

[1] Rule 13(b)(2) notes that Rule 4(b) is an exception. ("If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge."). Rule 4(b) does not apply here.