UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

               Plaintiff,

-against-

BANK OF AMERICA N.A.; SCHOEMAN
UPDIKE KAUFMAN & BERGER, LLP; BETH
KAUFMAN; SILVIA LARIZZA; CALVIN
GRIGSBY; ROGER BERNSTEIN; BARRY
OSTRAGER; DOES 1 – 10,

               Defendants.

20-CV-10537 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se*, paid the filing relevant fees to file this complaint under 28 U.S.C. §§ 1331 and 1332; the Alien Tort Statute, 28 U.S.C. § 1350; 42 U.S.C. §§ 1983 and 1988; and Article 10 of the United Nations' Universal Declaration of Human Rights. By order dated January 20, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading.[1] Plaintiff filed an amended complaint on February 24, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

    The Court's prior order detailed the allegations in Plaintiff's original complaint. Familiarity with that order is assumed, and the Court will summarize Plaintiff's allegations here only briefly. This action arises out of a matter that Plaintiff filed in New York State Supreme

---

[1] Chief Judge McMahon issued an order directing Plaintiff to pay the relevant fees to bring this action, or file an application to proceed *in forma pauperis*, and Plaintiff moved for Chief Judge McMahon's recusal. Chief Judge McMahon denied that motion, and Plaintiff paid the fees on January 7, 2021. After the order to amend was issued, Plaintiff moved for this Court's recusal. The Court denied that motion, and Plaintiff thereafter filed an amended complaint.

Court, New York County, in 2019. In the state court case, Plaintiff alleged claims of unjust enrichment and breach of contract, arising out of a business deal in Brazil, and he sought millions of dollars in compensatory and punitive damages against Calvin Grigsby and Bank of America (BoA), among others. *See Moskovitz v. Grigsby*, Ind. No. 650617/2019.[2] On November 12, 2020, the state court dismissed Plaintiff's claims against Grigsby and BoA on the merits, and dismissed the claims against other defendants without prejudice "to an action in Brazil or another forum, if appropriate." *Id*., 132 N.Y.S.2d 741. Plaintiff appealed in the state courts; the status of those proceedings is unclear.

Plaintiff filed this complaint against Grigsby and his attorney, Roger Bernstein; Justice Barry Ostrager, who presided over the state court matter; Schoeman Updike Kaufman & Berger, LLP (Schoeman), Beth Kaufman, and Silvia Larizza, the law firm and attorneys representing BoA; and Doe defendants "including but not limited to the individuals who here constituted the 'Court Administration.'"

Plaintiff alleges that after the state court matter was dismissed, Justice Ostrager unlawfully sealed the entire court record, based on false claims that some of Plaintiff's filings were "threatening," "scurrilous," inflammatory," and contained irrelevant and "personal information" about Justice Ostrager. Plaintiff asserts that Justice Ostrager did so the day after Plaintiff asked him to "disclose all of [his] extrajudicial relationships," which would have shown that Justice Ostrager either had a conflict of interest or was biased against Plaintiff. According to Plaintiff, the other Defendants, "aided and abetted" Justice Ostrager's "fraud" by making false statements and submitting fraudulent documents to the court. Plaintiff seeks millions of dollars in

---

[2] Defendants removed the matter to this District, but Judge Broderick remanded it after determining that diversity jurisdiction was lacking. *See Moskovits v. Grigsby*, ECF 1:19-CV-03391 (VSB) (S.D.N.Y. June 9, 2020) (granting Plaintiff's motion to remand).

damages, alleging that the sealing of the entire state court record violated his constitutional rights, human rights, and other federally protected rights.

In the January 20, 2021 order, the Court held that the original complaint could not proceed because: the *Rooker-Feldman* doctrine precludes federal court review of a state court order; the complaint did not state viable claims under 42 U.S.C. § 1983 because the state actor defendants were immune from suit, the private defendants had not acted under color of state law, and the facts in the complaint were insufficient to state a conspiracy claim; the complaint did not state a claim under the ATS, 28 U.S.C. §1350, because Plaintiff had not alleged a violation of the law of nations or a treaty of the United States; there is no private right of action under the United Nations' Declaration of Human Rights; because Plaintiff is proceeding *pro se*, he is not entitled to attorney's fees under 42 U.S.C. § 1988(b); and to the extent that the Court had diversity jurisdiction over the matter, it was unclear what tort claims remained or could proceed in light of the foregoing discussion. (ECF 22 at 11.)

Over 40 pages of Plaintiff's 73-page amended complaint are state court documents. (ECF 22-1.) Plaintiff also filed a motion "for the recusal of the entire District bench or stay pending petition for writ of mandamus." (ECF 23.) A Schoeman attorney filed a notice of appearance on behalf of BoA, and Plaintiff moved for Schoeman's disqualification because of its financial interest "in fees to continue litigating" these matters. (ECF 29 at 2.)

Plaintiff's amended complaint is substantially similar to the original complaint. In it, Plaintiff names the same Defendants, alleges essentially the same facts, and asserts the same legal claims. In the January 20, 2021 order to amend, the Court held that the original pleading failed to state a claim. The amended complaint is inadequate for the same reasons stated in that order.

Plaintiff asserts in the amended complaint that Defendants violated his right to equal protection because they were "motivated by a class-based, invidious discriminatory animus against [him] due to his status as a felon." (ECF 22 ¶ 3.)

To state an equal protection claim, a plaintiff must allege that he is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, gender, alienage, or national origin, *see Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998). The plaintiff must also allege facts showing that the defendants have purposefully discriminated against the plaintiff because of his membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676, *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)); *Giano*, 54 F.3d at 1057.

Plaintiff recounts the following facts in support of his equal protection claim:

> Defendant Grigsby, in pro se court filings of 2020, accused Plaintiff of "devilment" and cited *United States v. Moskovits*, 86 F.3d 1303 (3d Cir. 1996), clearly demonstrating his class-based, invidious discriminatory animus against Plaintiff due to his status as a felon in flagrant violation of constitutional rights.

(*Id.* ¶ 32.)

According to Plaintiff, once the other defendants "learned of" his criminal history, they "joined in the class-based discrimination as evidenced by the flagrant violation of his rights to expose foreign corrupt practices to close contracts with [BoA], including but not limited to attempted murder, to the public and the press." (*Id.* ¶ 33.) These facts wholly fail to give rise to a viable equal protection claim. And this argument does not remedy the other problems with Plaintiff's amended pleading.

Accordingly, the amended complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Plaintiff's renewed request for this Court's recusal is denied for the same reasons that the Court denied his prior recusal motion. (ECF 20). The motions for recusal of other judges in this District, a stay, *mandamus* relief, and to disqualify defense counsel are denied as moot.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The amended complaint is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

All pending motions are denied, and the Clerk of Court is directed to terminate them. (ECF 23, 29.)

This order closes the case.

SO ORDERED.

Dated:   March 12, 2021
         New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.